**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-40759
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARLON ALFONSO AQUINO-PEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-353-1

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marlon Alfonso Aquino-Perez appeals the 57-month sentence imposed by the district court following his guilty plea conviction for being found in the United States after previous deportation, in violation of 8 U.S.C. §1326(a) & (b). Aquino-Perez argues that the 57-month sentence was greater than necessary to comply with 18 U.S.C. § 3553(a) and was unreasonable. He argues that the district court did not adequately explain and justify the sentence in terms of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a) factors and did not consider and address his arguments for a below-the-guideline range sentence. He also argues that the presumption of reasonableness should not apply to the guideline sentence calculated using U.S.S.G. § 2L1.2 because § 2L1.2 is not empirically grounded.

Aquino-Perez argues that the question of whether a district court complied with the explanation requirement found in 18 U.S.C. § 3553(c)(1) should be reviewed de novo even if the defendant does not object below. He concedes that, under this court's precedent, plain error review applies if a defendant does not object in the district court to procedural error; he raises this issue to preserve for further review.

Aquino-Perez did not argue in the district court that the district court failed to adequately explain the sentence or that § 2L1.2 should not be given deference because it is not "empirically based." Therefore, plain error review applies. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

Aquino-Perez did argue in the district court that the sentence was greater than necessary to satisfy the factors in § 3553(a). Therefore, review of the substantive reasonableness of the sentence is under the abuse of discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

The district court considered Aquino-Perez's request and arguments in support of a sentence below the applicable guideline range, stated that it had considered the § 3553(a) factors, and ultimately determined that a sentence at the bottom of that range was appropriate. Aquino-Perez's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. *See*

*Campos-Maldonado*, 531 F.3d at 338. Because the district court imposed a sentence within the advisory guideline range, little explanation was required. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Aquino-Perez has not shown that the district court made any procedural errors in calculating the guideline sentence, failed to consider the § 3553(a) factors, or failed to provide adequate reasons for the sentence. He has not shown that his sentence is substantively unreasonable because § 2L1.2 is not empirically based or that his sentence is excessive. In *United States v. Kimbrough*, 128 S. Ct. 558 (2007), the Court said nothing concerning the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by our decision in *Campos-Maldonado*. Therefore, Aquino-Perez has not shown plain error. *See Campos-Maldonado*, 531 F.3d at 339. He has also failed to show that the sentence was greater than necessary to satisfy the factors in § 3553(a). Accordingly, the district court's judgment is AFFIRMED.